## ELIZA JANE WEBB *v.* ELEAZAR PEET et al.

Property purchased during the marriage by either husband or wife, is presumed to be liable for community debts. unless the contrary be shown. C. C. 2371.

Where a creditor of the husband seizes property as liable for community debts, which the wife claims as having been acquired by her after a judgment of separation of property between herself and husband, it is incumbent upon her to show, affirmatively, the reality and good faith of the judgment of separation, if the creditor attacks it upon the ground of fraud.

The fruits of paraphernal property belong to the community, so long as the husband retains the administration of it.

APPEAL from the District Court of Madison, *Selby*, J. *J. M. Moore* and *A. R. Hynes*, for plaintiff. *Alonzo Snyder*, for defendants. The judgment of the court (*Eustis*, C. J., absent,) was pronounced by

ROST, J. The defendants, who are judgment creditors of *Charles H. Webb*, caused certain lands to be taken in execution, as his property; his wife filed a petition, making opposition to the seizure, and alleging, that she was separated in property from her husband; 'and that she had acquired the lands seized, with her own funds, and in her own name and right, since the separation.

The defendants answered by a general denial, and an averment that the judgment of separation was fraudulent and simulated; and that the property seized, was liable for the debts of the husband. There was judgment for the plaintiff perpetuating the injunction, and the defendants appealed.

The property seized, having been purchased by the plaintiff during marriage, is liable for the debts of the community, unless she can bring herself within some exception to the general rule, prescribed by article 2371 of the Code. The exception, which she invokes, is, that she purchased after she had obtained a judgment of separation from her husband, and the community previously existing between them had been dissolved; that judgment is, therefore, a part of her title, and adversely to creditors, she is bound to show, affirmatively, its reality and good faith; she has utterly failed to do so.

In the suit of separation, she claims judgment against her husband for the value of a gold watch, and interest at ten per cent on that value for four years; and also, the hire, during four years, of paraphernal property, of which the husband had retained the administration, and interest at ten per cent thereon. The husband made no defence, and she obtained judgment for two hundred and twelve dollars, the supposed value of the watch; the judgment further decreed, a separation of property.

The fruits of the paraphernal property clearly belongs to the community, so long as the husband retained the administration of it; and there is nothing in the record to show, that the plaintiff ever owned a watch, which her husband took and converted to his use.

The action of separation was without any foundation, so far as property of the wife was involved; and as the petition did not allege, that she had a separate industry, the earnings of which she wished to secure for the maintenance and support of herself and her family, it had nothing to rest upon. The case, in that respect, is stronger against the pretensions of the wife, than those of *Dennistoun* v. *Nutt*, 2d Ann. 311; and *Harden* v. *Nutt*, 4th Ann. 66. Under the view of the law taken in those cases, and to which we adhere, the judgment of separation was a nullity, incapable of producing any legal effect; the wife acquired no title to the property of the husband, which she purchased under it; and not being separated in property, the purchases which she subsequently made, fell into the community, and are liable for its debts. The prescription pleaded, is inapplicable to the case.

It is ordered, that the judgment be reversed; it is further ordered, that there be judgment against the plaintiff, and the defendants be allowed to procede under their executions, to advertise and sell the land seized as in the record described. It is further ordered, that the plaintiff pay costs in both courts.

SLIDELL, J. I am not prepared to say, that I concur in all the legal propositions enunciated in the opinion of Mr. Justice Rost. But I concur in the reversal of the judgment of the court below, upon the ground, that the evidence is unsatisfactory to my mind, and insufficient, upon a view of the whole case, to sustain the judgment of separation, or to show an acquisition with funds of the wife.